IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-00694-WYD-BNB

RICHARD EVERHART,

    Plaintiff

v.

AMERICAN FAMILY MUTUAL INSUANCE COMPANY

    Defendants

## ~~STIPULATED~~ PROTECTIVE ORDER

Defendant American Family Mutual Insurance Company may produce certain documents, stamped CONFIDENTIAL, which it considers proprietary, confidential, competitively sensitive and/or trade secrets of Defendant or its related entities; or which implicate an individual's common law or statutory privacy interests (the "CONFIDENTIAL" documents). The production of CONFIDENTIAL documents by the Defendant and the use of the CONFIDENTIAL documents by Plaintiff and his counsel will be conducted pursuant to the following terms, restrictions and conditions:

**IT IS ORDERED:**

1. This Stipulated Protective Order shall apply to all documents, material and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil procedure.



EXHIBIT A

2. All such documents shall be stamped "CONFIDENTIAL" by Defendant, but the stamp shall not obscure any text. Defendant's designation of documents as CONFIDENTIAL certifies that Defendant's counsel has reviewed the documents and has a good faith belief that the information contained therein is confidential or otherwise entitled to protection. It is agreed that all documents designated as CONFIDENTIAL are subject to this Protective Order.

3. Information obtained by the Plaintiff and his counsel from the CONFIDENTIAL documents and the CONFIDENTIAL documents themselves shall be used for the purpose of prosecuting this action and only this action.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL documents to any person identified under paragraph 4 of this Stipulated Protective Order, counsel for Plaintiff shall first obtain a written agreement from each individual (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters) who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**. Plaintiff's counsel will maintain a list that identifies all persons or entities to whom CONFIDENTIAL documents or information have been disclosed, with a corresponding signed copy of the written agreement to abide by this Protective Order, set forth as **Exhibit A**, obtained from each person or entity.

6. Whenever a deposition involves disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record whenever possible, but a party may designate depositions or portions thereof as CONFIDENTIAL after transcription. Written notice of the designation shall

be given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object (the "Objecting Party") to the other party's designation (the "Designating Party") of particular CONFIDENTIAL information by giving written notice of the objection to the Designating Party no later than sixty days before trial. The written notice shall identify the information to which the objection is made, and the basis for the objection. ~~If the Objecting Party does not provide written notice of objection to the Designating Party on or before sixty days prior to trial, any such objection is agreed by the parties hereto to be waived.~~ If the parties cannot resolve the objection within 14 business days after the time the notice is received, it shall be the obligation of the Designating Party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. Counsel for Plaintiffs will return to counsel for Defendant, Sutton | Booker | P.C., within 30 days of the conclusion of this case, the original CONFIDENTIAL documents plus all copies or reproductions of any kind made from the documents.

Alternatively, the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9. Any request to restrict access must comply with the requirements of D.C.Colo.LCivR 7.2. ~~Particularly, any documents designated as CONFIDENTIAL that are to be filed with the Court by either party must be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2(D). The filing party must give written notice to the opposing party forty-eight hours in advance of the filing which will contain CONFIDENTIAL information. Any party may file a motion to restrict access in accordance with D.C.Colo.LCivR 7.2(D). The parties agree that all motions to restrict access to CONFIDENTIAL produced pursuant to this Protective Order shall be filed as unopposed. CONFIDENTIAL information filed with the Court or used in any court proceeding in connection with this action shall not lose its status through such use. To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of restricted documents, then the local rules shall govern.~~

10. The production of documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

11. This Protective Order survives this case for the purpose of enforcement.

Dated **2nd** day of **Sept** 2014.

**COUNSEL FOR PLAINTIFF**
s/ _____
Keith Frankl
The Frankl Law Firm, PC
2179 S. Ash Street
Denver, CO 80222

Sept. 2, 2014
BY THE COURT:

*Boyd N. Boland*
**BOYD N. BOLAND**
**United States Magistrate Judge**

**COUNSEL FOR DEFENDANT**
s/ _____
Debra K. Sutton
Scott C. James
Sutton | Booker P.C.
26 W. Dry Creek Circle,

Suite 375
Littleton, CO 80120

*Richard Everhart v. American Family Mutual Insurance Company*
Case Number: 14-CV-00694-WYD-BNB

## COMMITMENT OF QUALIFIED PERSON PURSUANT TO STIPULATED PROTECTIVE ORDER

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1. I have received and read a copy of the Stipulated Protective Order entered into the action entitled *Richard Everhart v. American Family Mutual Insurance Company*, Case Number: 14-CV-00694-WYD-BNB.

2. I understand the terms thereof and agree to be bound thereby. I will not disclose any information from the documents to persons not identified in paragraph 4 of the Stipulated Protective Order. I will use such information only with respect to the action entitled *Richard Everhart v. American Family Mutual Insurance Company*, Case Number: 14-CV-00694-WYD-BNB.

3. I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

4. I submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order.

DATED this _____ day of _____, 2014.

By: _____

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-00694-WYD-BNB

RICHARD EVERHART,

    Plaintiff

v.

AMERICAN FAMILY MUTUAL INSUANCE COMPANY

    Defendants

---

**ORDER RE: UNOPPOSED MOTION FOR PROTECTIVE ORDER**

---

The Court, having reviewed Defendant's Unopposed Motion for Protective Order, and being fully advised, hereby grants the Motion.

BY THE COURT:

_____
U.S. District Court Judge